UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

William J. Carey

    v.                                          Civil No. 06-cv-262-SM

Joseph A. Winguay

**REPORT AND RECOMMENDATION**

    Pro se plaintiff William J. Carey brings this diversity action, pursuant to 28 U.S.C. § 1332, against Joseph A. Winguay, a North Carolina resident. Construed liberally, the complaint alleges a New Hampshire state law claim for malicious prosecution.

    The complaint is before me for preliminary review to determine, among other things, whether Carey has properly invoked the subject matter jurisdiction of this Court. See United States District Court of the District of New Hampshire Local Rules ("LR") 4.3(d)(1)(B)(I). For the reasons stated below, I recommend that the complaint be dismissed for failure to state a cause of action and, in the alternative, for lack of personal jurisdiction over the defendant. I further recommend that Carey's motion for alternative service (document no. 3) be denied.

**Standard of Review**

In reviewing a pro se complaint, this Court must construe the pleading liberally. See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of that party).  At this preliminary stage of review, all factual assertions made by plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all well-pleaded factual averments, not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).  I apply this standard in reviewing Carey's complaint.

**Background**

Carey brings this action pursuant to 28 U.S.C. § 1332, characterizing it as "a dispute among residents of different states with an amount in controversy exceeding $75,000."  This action arises from a state court criminal conviction of Carey for violation of a stalking order.  See Carey v. Eglody, No. 05-CV-010-SM, slip. op. at *1 (D.N.H. April 28, 2006).  Carey broadly

alleges that beginning in 2002, Winguay was instrumental in causing restraining orders to be filed against Carey by Kristi Eglody and further causing criminal charges to be initiated against him.  Allegedly as a result of Winguay's actions, Carey has been subjected to a period of incarceration for more than three years, all of which has caused him emotional distress[1] and physical discomfort from untreated medical and dental conditions.[2]  Carey now brings this action against Winguay in which he alleges a state law claim for malicious prosecution.  He seeks monetary relief in the amount of one million dollars.

## Discussion

I. <u>Failure to State a Cause of Action</u>

"To succeed in an action for malicious prosecution under New Hampshire law, the 'plaintiff must prove that he was subjected to a criminal prosecution [procured or] instituted by the defendant

---

[1] Carey also alleges that he suffered a "deliberate deprivation" to his "health, career, freedom, financial standing, reputation, and personal/family relationships" but fails to provide any predicate facts in support of his claims.

[2] In two parallel actions pending before this Court, Carey has alleged claims premised upon the denial of adequate medical and dental care during his pre-trial confinement at the Hillsborough County Department of Corrections (Civil Nos. 05-cv-274-PB and 06-cv-293-SM).

3

without probable cause and with malice, and that the criminal proceeding terminated in his favor.'" <u>Forgie-Buccioni v. Hannaford Bros., Inc.</u>, 413 F.3d 175, 182 (1st Cir. 2005) (citing <u>Stock v. Byers</u>, 120 N.H. 884, 424 A.2d 1122, 1123 (1980) and N.H. Civil Jury Instr. § 21.1)).

In this action, Carey broadly alleges that Winguay was instrumental in causing restraining orders to be filed against him by Ms. Eglody and further causing criminal charges to be initiated against him. Winguay's actions allegedly resulted in Carey's incarceration. For purposes of preliminary review, I will construe the complaint liberally and assume that the criminal proceedings were initiated against Carey without probable cause and with malice. Even affording the complaint a liberal construction, I conclude that Carey has not satisfied the remaining element of a malicious prosecution claim: termination of the criminal proceedings in his favor. Instead, Carey concedes that he was convicted on the criminal charges filed against him. Accordingly, I conclude that he has failed to state a cause of action for malicious prosecution under New Hampshire law and recommend that the complaint be dismissed.

II.  Personal Jurisdiction

In the alternative, to the extent Carey has stated a cause of action for malicious prosecution, this Court lacks personal jurisdiction over Winguay.

Before a court may exercise personal jurisdiction over a non-resident defendant, a plaintiff must demonstrate that: (1) the forum state's long-arm statute confers jurisdiction over the defendant; and (2) "the exercise of jurisdiction comports with constitutional due process standards (by establishing that the defendant has sufficient 'minimum contacts' with the forum state)." Massachusetts Bay Inc. Co. v. Portland Water Dist., Civ. No. 99-487-M, 2000 WL 1499493 at *2 (D.N.H. May 10, 2000)(citing Kowalski v. Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7, 9-10 (1st Cir. 1986)).  The New Hampshire individual long-arm statute, N.H. Rev. Stat. Ann. § 510:4, provides jurisdiction over foreign defendants to the full extent that the statutory language and due process will allow.  Id. (citing Phelps v. Kingston, 130 N.H. 166, 171 536 A.2d 740 (1987)). Accordingly, the court need only determine whether the exercise of personal jurisdiction over a foreign defendant would comport with federal constitutional guarantees."  Id.

Before a court may exercise personal jurisdiction over a foreign defendant, a plaintiff must demonstrate that the defendant had certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.  Id. (citing Helicopteros Nacionales De Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984)). "And, before finding that a defendant has such minimum contacts, the court must be satisfied that the defendant's conduct bears such a substantial connection with the forum state that the defendant should reasonably anticipate being haled into court there."  Id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473-75 (1985) and World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

In analyzing minimum contacts, courts have recognized two types of personal jurisdiction: general and specific.  Bertram v. Wall, Civ. No. 01-422ML, 1889030 WL at *4 (D.R.I. July 11, 2002). "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state."  United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., 960 F.2d

1080, 1088 (1st Cir. 1992). Here, Carey does not contend that Winguay engaged in continuous and systematic activity in New Hampshire, nor does he ask the court to exercise general jurisdiction over him. Nothing in the record suggests that Winguay had any contacts whatsoever with the State of New Hampshire. I therefore conclude that Carey has failed to demonstrate general jurisdiction.

Specific jurisdiction exists "where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." Id. at 1088-89. The First Circuit has formulated a three-part test to determine whether specific jurisdiction exists:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state contacts. Second, the defendant's in-state activities must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

Massachusetts Bay Inc. Co., 2000 WL 1499493 at *3 (quoting Phillips Exeter Academy v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999)). Carey has not demonstrated any contacts by Winguay with the State of New Hampshire. Instead, he

7

only alleges that Winguay "was instrumental" in causing restraining orders to be filed against him and causing criminal proceedings to be initiated against him.  As mentioned above, nothing in the record suggests that Winguay had any contacts whatsoever with the State of New Hampshire.  I therefore conclude that Carey has failed to demonstrate specific jurisdiction.  For the reasons stated above, I conclude that this Court lacks personal jurisdiction over Winguay.

## Conclusion

For the reasons stated above, I recommend that the complaint (document no. 1) be dismissed for failure to state a cause of action and, in the alternative, for lack of personal jurisdiction over the defendant.  See LR 4.3(d)(1)(B)(I).  I further recommend that Carey's motion for alternative service (document no. 3) be denied.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, plaintiff must do so by filing an objection within ten (10) days of receipt of this report and recommendation, or by properly

moving to amend the complaint.

Any further objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

                                                /s/ James R. Muirhead
                                                James R. Muirhead
                                                United States Magistrate Judge

Date: November 8, 2006

cc:   William J. Carey, pro se